FILED
JUN 1 2 2015
DAVID CREWS, CLERK
BY_____ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DONALD L. MCVEY**     **PLAINTIFF**

vs.     CASE NO.: 3:15cv097-GHD-SAA

**THE GREAT AMERICAN HOME
STORE II, INC. and VICK L.
ETHERIDGE, Individually**     **DEFENDANTS**

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Donald McVey, (hereinafter "Plaintiff"), by and through the undersigned counsel, files this action against Defendants, The Great American Home Store II, Inc. ("Great American Home Store") and Vick L. Etheridge, Individually ("Etheridge"), (collectively "Defendants"), for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive work hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of

1

commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants overtime compensation, liquidated damages, declaratory relief and reasonable attorney's fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime, an additional equal amount as liquidated damages, retaliation damages, declaratory relief, and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Desoto County, Mississippi.

## PARTIES

8. Plaintiff is a former employee of Defendants, The Great American Home Store II, Inc. and Vick L. Etheridge, Individually.

9. Plaintiff performed furniture repair work and related activities on behalf of Defendants while working in Desoto County, Mississippi.

10. Defendant, Great American Home Store II, is a Mississippi corporation that operates and conducts business in Desoto County, Mississippi.

11. Defendant, Vick L. Etheridge, is a resident of Alcorn County, Mississippi, who is president of and operates Great American Home Store, and who regularly exercised the authority to: (a) hire and fire employees of Great American Home Store; (b) determine the work schedules for the employees of Great American Home Store; and (c) control the finances and operations Great American Home Store by virtue of having regularly exercised that authority on behalf of Great American Home Store; therefore, Vick L. Etheridge is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

12. At all material times hereto (2012 - 2015), Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto (2012 - 2015), Defendants were the "employer" within the meaning of the FLSA.

14. At all material times hereto (2012 - 2015), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all material times hereto (2012 - 2015), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. At all material times hereto (2012 - 2015), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2012 - 2015).

18. At all material times hereto (2012 - 2015), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

19. At all material times hereto (2012 - 2015), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

20. At all material times hereto (2012 - 2015), Rudy W. Yates regularly exercised the authority to: (a) hire and fire employees of Ground Support Specialist, LLC; (b) determine the work schedules for the employees of Ground Support Specialist, LLC; and (c) control the finances and operations of Ground Support Specialist, LLC by virtue of having regularly exercised that authority on behalf of Ground Support Specialist, LLC, Rudy W. Yates is an "employer" as defined by 29 U.S.C. §201, *et seq.*

21. Defendants were, and continue to be, "employers" within the meaning of FLSA.

22. At all material times hereto (2012 - 2015), the work performed by Plaintiff was directly essential to the business performed by Defendant.

23. At all material times hereto (2012 - 2015), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

24. Defendants operate a retail furniture store in Desoto County, Mississippi and other locations.

25. Plaintiff was employed by Defendants as a shop technician to repair furniture, a non-exempt position.

26. Plaintiff was instructed by Defendants and its supervisors as to how to perform his job duties and Plaintiff exercised no independent discretion in his actual performance of his duties.

27. Plaintiff worked in this capacity from approximately February 19, 2007 through December 31, 2013.

28. During his employ with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

29. Defendants paid Plaintiff an initial regular rate of pay of $935.00 per week.

30. Plaintiff understood that the flat rate compensation he received from Defendants was for a forty (40) hour workweek only and did not include compensation for all hours over forty (40) in a workweek.

31. Plaintiff routinely worked significant overtime hours, a minimum of ten (10) overtime hours each week, during his employ at the direction of Defendants and with Defendants' complete and full knowledge.

32. Defendants willfully failed to pay Plaintiff for the overtime hours he worked.

33. Plaintiff complained multiple times about Defendants' willful failure to pay him overtime wages; however, Defendants' ignored such complaints and their conduct did not change.

34. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

35. At all material times hereto (2012 - 2015), Defendants have violated Title 29 U.S.C. § 207, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiffs regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

6

36. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

37. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Plaintiff made various complains to Defendants for their failure to compensate him for his overtime pay.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

40. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week. During his employ with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

41. Specifically, Defendants were aware that Plaintiff performed non-exempt job duties, but still refused to pay Plaintiff overtime hours for hours worked over forty (40) hours in a work week.

42. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

44. Also, Defendants failed to post required FLSA informational listings as required by

7

the FLSA for Plaintiff.

45. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

46. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half his regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, declaratory relief and reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - DECLARATORY RELIEF

47. Plaintiff readopts and reincorporates all allegations contained in paragraphs 1-38 above as though fully stated herein.

48. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

49. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

50. Plaintiff may obtain declaratory relief.

51. Defendants employed Plaintiff.

52. Defendants are an enterprise.

53. Plaintiff was individually covered by the FLSA.

54. Defendants failed to properly pay Plaintiff for all hours worked.

55. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

8

56. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

57. Defendants did not rely upon a good faith defense.

58. Plaintiff is entitled to an equal amount of liquidated damages.

59. It is in the public interest to have these declarations of rights recorded.

60. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

61. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

62. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a declaration of rights finding that Plaintiff worked hours over forty (40) hours within a work week without receiving correct overtime pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants had a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendants failed to prove a good faith defense, Plaintiff is entitled to unpaid overtime, liquidated damages, declaratory relief and reasonable attorneys' fees pursuant to the FLSA.

RESPECTFULLY SUBMITTED, this the 10th day of June, 2015.

DONALD MCVEY, PLAINTIFF

Christopher W. Espy, Esq. (MSB # 102424)
MORGAN & MORGAN
188 E. Capitol Street, Suite 777
Jackson, MS 39201
Tel.: 601-718-2087
Fax: 601-718-2102
Email: cespy@forthepeople.com
*Attorney for Plaintiff*

9